**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, *et al.*, | |
| *Plaintiffs*, | CIVIL ACTION |
| v. | FILE NO. 1:20-CV-01677-TCB |
| BRAD RAFFENSPERGER, in his official capacity as Secretary of State; *et al.*, | |
| *Defendants*. | |

**DEFENDANTS' NOTICE REGARDING
CHANGES TO ELECTION PROCEDURES**

On April 27, 2020, this Court ordered Defendants to inform the Court and Plaintiffs "as to which of the remedies or changes to elections procedures described in the Motion (Doc. 11), including moving the date of the June 9 election, Defendants (a) intend to make, in whole or in part, prior to a Court order requiring them to do so, or (b) do not oppose." [Doc. 13, p. 2]. Without waiving objections to jurisdiction, Defendants file the following response.

**I.     Actions already underway.**

Prior to the filing of this lawsuit, Defendants had already:

1. Begun the process of mailing absentee-ballot applications to all mailing addresses of active-status voters (instead of only residential addresses), [Doc. 11, ¶ 13]; and

2. Planned for county superintendents to include March 24, 2020 absentee ballots in tabulations for the presidential preference primary if voters return them before the polls close for the June 9, 2020, election, covering a portion of [Doc. 11, ¶ 14]. Specifically:

   a. If a voter's March 24, 2020 absentee ballot was accepted prior to voting in the June 9, 2020 primary, voters will be provided a June 9, 2020 ballot without the Presidential Preference Primary included.

   b. If a voter's March 24, 2020 absentee ballot was not returned or accepted prior to the voter requesting a ballot in the June 9, 2020 primary, the voter's March 24, 2020 ballot will be cancelled and the voter will be provided a June 9, 2020 ballot with the Presidential Preference Primary included.

## II.   Possible additional actions.

As the Court is aware and Plaintiffs admit, elected officials are responding in real time to the issues raised by the COVID-19 pandemic. Defendants cannot fully state every action that will be taken by the start of

early voting, but at this point, Defendants—prior to the filing of Plaintiffs'
action—were already considering and evaluating the following additional
actions:

1. Allowing early scanning of absentee ballots, covering a portion of
   [Doc. 11, ¶ 6]; and

2. Assisting with the distribution of PPE to counties and/or voters,
   covering a portion of [Doc. 11, ¶ 11].

## III.   Opposition to further delaying June 9, 2020 election.

Defendants oppose further moving the June 9, 2020 election, because it
is currently scheduled for the latest date on which the Presidential Preference
Primary can be held by statute, O.C.G.A. § 21-2-191, and because it is the latest
date on which the General Primary can be held to ensure overseas and military
voters are able to participate in all elections in 2020. *See* 52 U.S.C. §
20302(a)(8).[1] The Secretary of State explained the timeline for 2020 elections
in the following chart provided with the announcement of the delay of the
primary to June 9, 2020, *Raffensperger Announces Postponement of Primary*

---

[1] As the Court is aware, the history of litigation on this issue highlights the
importance of these timeline constraints to ensure members of the military
are able to participate in Georgia elections. *See U.S. v. Georgia*, 952 F. Supp.
2d 1318 (N.D. Ga. 2013) *vacated as moot*, 778 F.3d 1202 (11th Cir. 2015)
(litigation concerning compliance with UOCAVA dismissed as moot in light of
state statutory amendments).

*Election                    Until                    June                    9,*

[https://sos.ga.gov/index.php/elections/raffensperger_announces_postponement](https://sos.ga.gov/index.php/elections/raffensperger_announces_postponement)

[_of_primary_election_until_june_9](https://sos.ga.gov/index.php/elections/raffensperger_announces_postponement_of_primary_election_until_june_9) (April 9, 2020)[2]:





---

[2] The chart shown on this page assumes there are no recounts for the August 11 runoff election. Recounts occur after certification, O.C.G.A. § 21-2-495(c)(1), and can further delay the time in which ballots can be sent to the printer for the general election.

Defendants will respond to the Plaintiffs' motion seeking this Court's involvement in the General Primary on the timeline specified by the Court in [Doc. 18] after receiving Plaintiffs' brief.

This 28th day of April, 2020.

Christopher M. Carr
Attorney General
GA Bar No. 112505
Brian K. Webb
Deputy Attorney General
GA Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
GA Bar No. 760280
State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334

Josh Belinfante
Special Assistant Attorney General
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Vincent Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Carey Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Melanie Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
Robbin Ross Alloy Belinfante Littlefield LLC
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381

5

Facsimile:   (404) 856-3250

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
Taylor English Duma LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
770.434.6868 (telephone)

*Attorneys for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing DEFENDANTS' NOTICE REGARDING CHANGES TO ELECTION PROCEDURES has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

<u>*/s/ Bryan P. Tyson*</u>
Bryan P. Tyson